UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Gerald Gilliam, | Case No. 17-cv-01033-DWF-HB |
| Plaintiff, | |
| vs. | **DEFENDANTS' ANSWER** |
| Veripro Solutions, Inc. and U.S. Bank, N.A., as Trustee for the Certificate Holders of the CSFB Mortgage Securities Corp., Home Equity Mortgage Trust Series 2006-3, | |
| Defendants. | |

Defendants Veripro Solutions, Inc. and U.S. Bank N.A. as Trustee for the Certificate Holders of the CSFB Mortgage Securities Corp, Home Equity Mortgage Trust Series 2006-3 ("Defendants"), for their Answer and Defenses to Plaintiff's Complaint, state and allege as follows:

**General Denial**

Except as hereinafter admitted, explained, qualified, or otherwise responded to, Defendants deny each and every allegation contained in the Complaint.

¶1

*Allegation: Plaintiff Gerald Gilliam ("Homeowner") initiates this action based on the violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., by Veripro Solutions, Inc. ("Debt Collector"), and to demand the release of a mortgage lien against his homestead, described below, held by U.S. Bank, N.A. as Trustee for the Certificate Holders of the CSFB Mortgage Securities Corp, Home Equity Mortgage Trust Series 2006-3 ("U.S. Bank").*

**Answer:** Defendants admit that Plaintiff appears to have initiated this action under the FDCPA and to demand a release of mortgage, but Defendants deny that Plaintiff is entitled to any such relief.

## VENUE, PARTIES, AND JURY TRIAL

¶2

*Allegation:* Venue is proper because Debt Collector's registered Minnesota address is located in Ramsey County.

**Answer:** Defendants deny the allegations in paragraph 2 because venue and jurisdiction is proper in the United States District Court for the District of Minnesota following removal under 28 U.S.C. § 1331.

¶3

*Allegation:* Homeowner is a natural person residing in Anoka County and is a "Homeowner" as the term is defined in 15 U.S.C. § 1692a(3).

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3.

¶4

*Allegation:* Debt Collector is a Delaware business corporation with a registered address of 2345 Rice Street, Suite 230, Roseville, MN 55113. Debt Collector's principal business and purpose is the collection of debts, making it a "debt collector" as the term is defined in 15 U.S.C. § 1692a(6).*

**Answer:** Defendants deny the allegations in paragraph 4.

¶5

*Allegation: U.S. Bank is a national association that holds a mortgage lien against real property owned by Homeowner as described below in ¶ 7. It regularly conducts business in Minnesota, and in Ramsey County specifically.*

**Answer:** Defendants admit the allegations in paragraph 5 on information and belief.

¶6

*Allegation: Homeowner demands a trial by jury to the extent available under US Const. Amend. 7; Minn. R. Civ. P. 38.01.*

**Answer:** Defendants deny the allegations in paragraph 6.

## FACTS

¶7

*Allegation: Homeowner owns real property (the "Homestead") located at 13268 Aberdeen Street, NE, Blaine, Minnesota, 55449, and legally described as*:

> *"Unit No. 5, CIC No.3, located in the County of Anoka, Minnesota. Pursuant to declaration document No. 265835 and the bylaws document No. 265836. Subject to the provisions, restrictions and easements contained in the declaration and bylaws and to the provisions of Minnesota Common Interest Ownership Act, Minnesota Statutes chapter 515B, and acts amendatory thereof. Subject to drainage and utility easements as shown on plat CARRARA EAST filed as Doc. No. 89903 on June 3, 1976. Subject to the reservation to the State of Minnesota in trust for taxing districts concerned of all minerals and mineral rights therein as provided by law."*

**Answer:** Defendants admit the allegations in paragraph 7 on information and belief.

¶8

*Allegation:   Homeowner filed for Chapter 13 bankruptcy on November 23, 2011. See Minn. Bankr. Court File No. 11-47608.*

**Answer:**   Defendants admit the allegations in paragraph 8 on information and belief.

¶9

*Allegation:   At the time of this filing, the Homestead was encumbered by a senior mortgage owed to Chase Mortgage with a balance of $158,160, on the title record as Document No. 486508.008.*

**Answer:**   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9.

¶10

*Allegation:   This mortgage was assigned to U.S. Bank on March 26, 2012, on the title record as Document No. 507753.004.*

**Answer:**   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10.

¶11

*Allegation:   At the time of Homeowner's bankruptcy filing, the Homestead was also encumbered by a junior mortgage owed to Bank of America, N.A., on the title record as Document No. 487257.002 (the "Junior Mortgage").*

**Answer:**   Defendants admit the allegations in paragraph 11.

¶12

*Allegation: The Junior Mortgage too was assigned to U.S. Bank on December 20, 2012, on the title record as Document No. 512561.001.*

**Answer:** Defendants admit the allegations in paragraph 12.

¶13

*Allegation: Following this assignment, U.S. Bank hired Debt Collector to service the Junior Mortgage.*

**Answer:** Defendants deny the allegations in paragraph 13.

¶14

*Allegation: Per Homeowner's bankruptcy schedules, the Homestead at the time of his filing had a fair market value of $136,900.*

**Answer:** Defendants admit that the Plaintiff's bankruptcy schedules allege the fair market value of the subject property, but deny any remaining allegations in paragraph 14.

¶15

*Allegation: Because Homeowner's Chase Mortgage senior lien was under-secured by the value of the Homestead, Homeowner's Chapter 13 plan requested the removal of the Junior Mortgage for lack of any equity securing it per 11 U.S.C. § 506:*

> *"Confirmation of this plan without objection by Bank of America or its assignee ("Lienholder"), or over the objection of Lienholder, shall constitute an acknowledgement and acceptance that there is no equity in Debtor's residential property located at 13268 Aberdeen Street NE, Blaine, Minnesota . . . [(]yer and above the first mortgage in favor of Chase Mortgage or its assignee to which the lien of the second mortgage can attach. The Order confirming the plan shall constitute a finding by the Bankruptcy Court that the fair market value of the real estate is $136,900.00 and the balance owed Chase mortgage is $158,180;*

> *therefore the claim of Lienholder is wholly unsecured. The real estate at 13268 Aberdeen Street NE, Blaine, MN . . . [s]hall vest in the debtor free and clear of the second mortgage upon completion of all payments due to the trustee under the plan. Lienholder shall cancel the second mortgage within 20 days after the trustee's final report to the Court showing completion of the plan. If Lienholder fails to cancel the second mortgage, the debtor may obtain an order and judgment voiding the second mortgage. Its claim, if any, shall be paid as an unsecured, non-priority claim, and will be discharged with the discharge order issued in this case." See Homeowner's Chapter 13 Plan attached as EXHIBIT A.*

**Answer:** Defendants admit that the Plaintiff has accurately alleged the contents of the Plaintiff's Chapter 13 plan, but deny any remaining allegations in paragraph 15.

¶16

*Allegation: Neither Bank of America, N.A. nor any assignee objected to Homeowner's Chapter 13 plan, and the Court confirmed the plan on February 2, 2012. See confirmation attached as EXHIBIT B.*

**Answer:** Defendants admit the allegations in paragraph 16 on information and belief.

¶17

*Allegation: Homeowner completed his plan payments and the Court ordered a standard discharge of debts on December 16, 2014. See Order attached as EXHIBIT C.*

**Answer:** Defendants admit the allegations in paragraph 17 on information and belief.

¶18

*Allegation: Per Homeowner's confirmed Chapter 13 plan and 11 U.S.C. § 506, the Homestead "vest[ed] in the debtor free and clear of the second mortgage" (the Junior Mortgage) upon discharge.*

**Answer:** Defendants deny the allegations in paragraph 18.

¶19

*Allegation: Despite the discharge, U.S. Bank has failed to release its junior mortgage lien from the Homestead as ordered.*

**Answer:** Defendants deny the allegations in paragraph 19.

¶20

*Allegation: Despite the discharge, which both eliminated Homeowner's personal liability to U.S. Bank for the Junior Mortgage and ordered the release of the Junior Mortgage lien from the Homestead, Debt Collector continues to send Homeowner regular collection letters attempting to collect it and threatening to foreclosure. See collection letter attached as EXHIBIT D.*

**Answer:** Defendants deny the allegations in paragraph 20.

¶21

*Allegation: One such letter from Debt Collector dated June 21, 2016 states in part:*

> *"[W]hile you may have received a discharge of your personal liability to repay the debt according to the note, your bankruptcy did not satisfy nor discharge the obligation of the mortgage/deed of trust lien secured to the property . . . the servicer/lender reserves the right to exercise the legal rights only against the property securing the loan obligation, including the right to foreclose its lien under appropriate circumstances." See EXHIBIT D.*

**Answer:** Defendants admit that the Plaintiff accurately quotes a portion of a letter dated June 21, 2016, but Defendants deny the remaining allegations of paragraph 21.

### Count I: Release Of Lien

¶22

*Allegation: Homeowner incorporates all other allegations as if set forth herein in full.*

**Answer:** Defendants restate their responses to paragraphs 1–22 of the Complaint as if set forth here.

¶23

*Allegation: Homeowner's confirmed Chapter 13 plan ordered the following:*

*"If Lienholder fails to cancel the second mortgage, the debtor may obtain an order and judgment voiding the second mortgage." See EXHIBIT A, B & C.*

**Answer:** Defendants admit that the Plaintiff accurately quotes a portion of the Plaintiff's Chapter 13 plan, but denies the remaining allegations in paragraph 23.

¶24

*Allegation: Junior Mortgage Lienholder U.S. Bank has not released the Junior Mortgage lien as ordered in Homeowner's bankruptcy. See title report attached as EXHIBIT E.*

**Answer:** Defendants admit that a release of mortgage has not been filed of record, but deny any remaining allegations in paragraph 24.

¶25

*Allegation:* Under Minn. Stat. § 555.01, courts "have power to declare rights, status, and other legal relations . . ."

**Answer:** Defendants admit the allegations in paragraph 25.

¶26

*Allegation:* Pursuant to Minn. Stat. § 555.01 and Homeowner's confirmed and discharged Chapter 13 plan, Homeowner is entitled to an order voiding the Junior Mortgage lien currently encumbering the Homestead.

**Answer:** Defendants deny the allegations in paragraph 26.

### Count II: Misrepresentation Of Character, Amount, And Legal Status Of Debt

¶27

*Allegation:* Homeowner incorporates all other allegations as if set forth herein in full.

**Answer:** Defendants restate their responses to paragraphs 1–26 of the Complaint as if set forth here.

¶28

*Allegation: The FDCPA prohibits collectors from misrepresenting a debt's "character, amount, or legal status:"*

*"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A).*

**Answer:** Defendants admit the allegations in paragraph 28.

¶29

*Allegation: The FDCPA prohibits collectors from using false representations or deceptive means to collect a debt:*

*"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a Homeowner." 15 U.S.C. § 1692e(10).*

**Answer:** Defendants admit the allegations in paragraph 29.

¶30

*Allegation: Debt Collector violated §§ 1692e(2)(A) and 1692e(10) by falsely asserting to Homeowner that the Homestead was rightfully secured by the Junior Mortgage which had been ordered released by the discharge order in his bankruptcy.*

**Answer:** Defendants deny the allegations in paragraph 30.

¶31

*Allegation:* Debt Collector's misrepresentation materially misled Homeowner as to his rights under the bankruptcy law and his obligations to his creditors.

**Answer:** Defendants deny the allegations in paragraph 31.

¶32

*Allegation:* This misrepresentation misled Homeowner as to the legal status of his home.

**Answer:** Defendants deny the allegations in paragraph 32.

## Count III: Threatening Illegal Action

¶33

*Allegation:* Homeowner incorporates all other allegations as if set forth herein in full.

**Answer:** Defendants restate their responses to paragraphs 1–32 of the Complaint as if set forth here.

¶34

*Allegation:* "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

**Answer:** Defendants admit the allegations in paragraph 34.

¶35

*Allegation:* The FDCPA prohibits collectors from threatening illegal action:

*"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: .. .(5) The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).*

**Answer:** Defendants admit the allegations in paragraph 35.

¶36

*Allegation: Debt Collector violated § 1692e(5) by threatening to foreclose the Junior Mortgage, which was ordered to be released and cannot be legally foreclosed.*

**Answer:** Defendants deny the allegations in paragraph 36.

**Count IV: Illegally Threatening Foreclosure**

¶37

*Allegation: Homeowner incorporates all other allegations as if set forth herein in full.*

**Answer:** Defendants restate their responses to paragraphs 1–36 of the Complaint as if set forth here.

¶38

*Allegation: The FDCPA prohibits collectors from threatening to take a Homeowner's property when there is no present intention or legal right to do so:*

*"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . .. Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if— (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;*

*(B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement." 15 U.S.C. § 1692f(6).*

**Answer:** Defendants admit the allegations in paragraph 38.

¶39

*Allegation: Debt Collector violated § 1692f(6) by threatening to foreclose a lien which was ordered to be released per the discharge of Homeowner's bankruptcy.*

**Answer:** Defendants deny the allegations in paragraph 39.

¶40

*Allegation: This was unfair and unconscionable collection activity that made Homeowner fear for his financial security.*

**Answer:** Defendants deny the allegations in paragraph 40.

¶41

*Allegation: This violation has caused Homeowner to suffer emotional distress, including frustration, confusion, and helplessness.*

**Answer:** Defendants deny the allegations in paragraph 41.

¶42

*Allegation: Homeowner has been forced to hire legal counsel to address Debt Collector's failure to comply with the FDCPA.*

**Answer:** Defendants deny the allegations in paragraph 42.

¶43

*Allegation: The FDCPA provides the following remedies for its breach:*

*"[A]ny debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to*

*the sum of — (1) any actual damage sustained by such person as a result of such failure; (2) . such additional damages as the court may allow, but not exceeding $1,000 . . . [and (3)] the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a).*

**Answer:** Defendants admit the allegations in paragraph 43.

¶44

*Allegation: Homeowner is entitled to actual damages in an amount to be determined at trial, statutory damages of $1,000.00, the costs of this action, and reasonable attorney's fees from Debt Collector in an amount to be determined by the court under 15 U.S.C. § 1692k.*

**Answer:** Defendants deny the allegations in paragraph 44.

### Additional Defenses

### Second Defense

The Complaint fails to state a claim against Defendants upon which relief can be granted.

### Third Defense

Plaintiff's claims are barred by the applicable statute of limitations.

### Fourth Defense

Plaintiff has failed to mitigate any alleged damages she may have suffered.

### Fifth Defense

Plaintiff has no Article III standing to proceed in this matter in the absence of having suffered actual damages.

### Sixth Defense

Plaintiff's claims are barred, in whole or in part, by reason of the doctrines of unclean hands, laches, waiver, estoppel, ratification, judicial estoppel, res judicata and/or collateral estoppel.

### Seventh Defense

At all relevant times, Defendants acted in the utmost good faith and in the belief that its conduct was lawful and proper under the circumstances, and that it performed in a lawful manner.

### Eighth Defense

To the extent Plaintiff sustained damages in this matter, which Defendants specifically deny, then said damages were caused by the conduct of other entities or parties over whom Defendants had no control or right of control.

**Ninth Defense**

Plaintiff's claims may be barred because all of the alleged conduct of Defendants was not intentional and resulted from bona fide error, notwithstanding the maintenance of procedures reasonably adopted to avoid them, and Defendants followed reasonable procedures to assure the maximum possible accuracy of the information it provided.

**WHEREFORE,** Defendants respectfully requests that this Court enter judgment in its favor as follows:

1. Dismissal of Plaintiff's claims with prejudice;

2. Award costs and attorneys' fees to Defendants as allowed by law; and

3. Award Defendants such other just and equitable relief as appropriate.

Dated: April 10, 2017

**DYKEMA GOSSETT PLLC**

By: /s/ Jared D. Kemper
    Jared D. Kemper, #390427
    Kristina Kaluza, #0390899
    4000 Wells Fargo Center
    90 South Seventh Street
    Minneapolis, MN 55402
    Phone: (612) 486-1900
    Fax: (855) 230-2516
    jkemper@dykema.com
    kkaluza@dykema.com

*Attorneys for Defendants*